NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## RUTH LEE, PETITIONER, v. MAX ROSENTHAL AND FANNIE ROSENTHAL, RESPONDENTS.

**Injury to Foot of Employe, a Domestic Servant, Caused by a Nail—Temporary Disability as Claimed—Employe Refused Further Medical Attention From Employer's Physician, Employing Her Own, No Allowance for Her Own Doctor's Fees.**

On determination of facts and rule for judgment.

For the petitioner, *Jacob W. Silverman.*

For the respondents, *Charles Becker.*

A petition having been filed in the above-stated matter, praying for the compensation to which the petitioner may be entitled by virtue of the terms and provisions of an act of the legislature of the State of New Jersey entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, together with the several supplements thereto and acts amendatory thereof, and a time and place for the hearing of said position having been fixed, and it appearing to the court that the said petition and the order fixing the time and place of said hearing having been duly served on the respondent and the petitioner, and respondent having appeared on the 26th day of May, 1926, the date set for the hearing thereof, and on the 9th day of June, 1926, the date to which the matter was continued, and in the presence of Jacob W. Silverman, attorney for petitioner, and Charles Becker, attorney for respondents, and the court having heard the testimony adduced in behalf of the parties hereto;

I do find and determine from the evidence taken in this cause as follows, to wit:

1. That Ruth Lee was, on the 7th day of January, 1926, in the employ of the respondents, Max Rosenthal and Fannie Rosenthal, in the capacity of domestic and general house-worker, which employment was subject to the compensation section of chapter 95, laws of New Jersey, 1911, and supplements thereto.

2. That on the above-mentioned date petitioner, Ruth Lee, met with an accident arising out of and in the course of the said employment.

3. That the respondents herein had knowledge of said accident within the time prescribed by law.

4. That at the time of the accident the said Ruth Lee received wages in said employment of $12 per week, together with meals.

5. That the money value of said meals was included by the court at $2.50 per week per person, and that the weekly wages of the petitioner have therefore been computed at fourteen dollars and fifty cents ($14.50).

6. That no compensation was paid to the petitioner on account of disability arising out of said accident.

7. Petitioner received medical treatment from Dr. Louis Davis, whose fee was paid by respondents, and from Dr. Morris O. Dubois, of Newark, New Jersey, whose entire fee for services was fifty-five ($55) dollars.

8. Petitioner expended for medicines and supplies at Helfgott's Pharmacy, 30 Waverly avenue, the sum of ten ($10) dollars.

9. Petitioner on the 7th day of January, 1926, while in the employ of the respondents as domestic and general house-worker, met with an accident arising out of and in the course of her employment. It appears from the testimony of the petitioner that while in the act of taking certain papers and rubbish into the yard, incidental to the apartment of the respondents, at 730 High street, Newark, New Jersey, the petitioner stepped on a nail, sustaining injuries to the ball of her left foot, as a result of which she sustained tem-

porary disability from the said 7th day of January, 1926, up to March 10th, 1926. She further testified that she had received treatment from Dr. Louis Davis, of Newark, New Jersey, on January 7th and 8th, upon which latter day she was discharged by Dr. Davis, and that Dr. Davis treated her at the request and cost of the respondents. She further stated that after January 8th her foot became more swollen, whereupon about January 15th, 1926, she went for treatment to Dr. M. G. Dubois, of Newark, New Jersey, who attended to her until the 10th of March, during which time she was absolutely unable to work. Petitioner further testified that she did not commence work after the accident until the middle of March, 1926, with a Mrs. Fagot, of Hawthorne avenue, Newark, New Jersey.

10. Dr. Morris G. Dubois, of Newark, New Jersey, in behalf of the petitioner, testified that he had treated the petitioner from on or about the 15th day of January, 1926, to the 10th day of March, 1926, and that the left foot of the petitioner was swollen, which swelling had extended to the knee, and that he had advised her to stay in bed for the first three weeks after the commencement of treatment, and that she was absolutely unable to work or use her foot throughout the said period. The doctor further testified that his bill was fifty-five ($55) dollars. He stated that the history of the case as given him by the petitioner was that the injury was incurred by stepping on a nail. He also testified that petitioner sustained no permanent injuries.

11. Benjamin Lee, husband of petitioner, testified that Dr. Louis Davis, on January 8th, 1926, had advised him that his wife, the petitioner, need no further treatment. He further stated that a few days before January 15th, 1926, the wife's condition having failed to improve, he made demand upon Mrs. Rosenthal, one of the respondents, to furnish medical attention, which was refused. He also testified that petitioner did not recommence work until the middle of March, 1926.

12. Mrs. Rosenthal, one of the respondents, called to testify in behalf of the respondents, testified to the effect

that the petitioner had incurred an accident on January 7th, 1926, in direct corroboration of the petitioner's story as to the manner in which the injuries of the petitioner were sustained. She, however, testified that the petitioner refused to accept the services of her physician, Dr. Louis Davis, who, even after January 8th, 1926, had been instructed by her to treat the petitioner. She denied that Mr. Lee had made any demand upon her before January 15th for treatment of Mrs. Lee.

13. Dr. Louis Davis, called by the respondents, testified that he had requested Mrs. Lee to return to him for further treatment after January 8th, 1926, upon which day he had administered an anti-toxin to petitioner, and that the petitioner had entirely failed to avail herself of further treatment from Dr. Davis to be furnished by respondents, and further testified that petitioner sustained no permanent disability.

14. Mr. Max Rosenthal, one of the respondents, in behalf of the respondents testified that he had heard Dr. Davis request the petitioner to return for further treatments, which request was made on January 8th, 1926, and that both he and his wife had requested the husband, after January 8th, 1926, to send his wife to Dr. Davis for observation and treatment.

15. Mrs. Fagot, in behalf of respondents, testified that Mrs. Lee worked for her as domestic for a period commencing about February 18th, 1926. She, however, was not positive about the exact date, neither was she certain of the date that petitioner terminated her employment. She further testified that she had had two maids since Mrs. Lee had left her, and that she could not remember how many maids she had had prior to her employment of Mrs. Lee.

16. There are direct conflicts of testimony in the case upon the following questions:

(a) Was petitioner discharged by Dr. Davis on January 8th, 1926, and refused further medical treatment thereafter?

(b) Whether the period of temporary disability ceased on February 18th, 1926, or on March 10th, 1926?

17. I find that under reasonable circumstances, and in accordance with the ordinary customs and standards of the medical profession, Dr. Davis would have requested Mrs. Lee to return for further observation and treatment after the administering of the anti-toxin on January 8th, 1926. In view of this, of the testimony of Dr. Davis, and the corroboration by the respondents, I find that the petitioner discontinued treatment with Dr. Davis of her own volition, and of her own accord went to Dr. Dubois, under which circumstances the respondents are not bound to pay the medical fees of Dr. Dubois, and that same, to wit, fifty-five ($55) dollars, is to be paid to the said Dr. Dubois by petitioner.

18. On the question of temporary disability, considering the evidence of Dr. Dubois, who testified that the swelling of the foot of petitioner extended to the knee, and that he advised her to stay in bed, and of the extent of her disability, coupled with the evidence of Mr. and Mrs. Lee, upon the period of disability, I am inclined to think that Mrs. Fagot is mistaken as to the time when Mrs. Lee commenced employment with her, and I hereby find as a fact that Mrs. Lee, the petitioner, suffered temporary disability from the 7th day of January, 1926, up to and including the 10th day of March, 1926, and that she sustained no permanent disability.

19. That the said bill for medicine and supplies in the sum of ten ($10) dollars is to be paid to petitioner by the respondents.

\*        \*        \*        \*        \*        \*        \*        \*

HARRY J. GOAS,
*Deputy Commissioner.*